United States District Court
Southern District of Texas
ENTERED
September 15, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PUBLIO G. M.[1], | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:26-cv-444 |
| | § | |
| MARKWAYNE MULLIN, | § | |
| *in his official capacity as the* | § | |
| *Secretary of Homeland Security*, | § | |
| Respondents. | § | |

## REPORT AND RECOMMENDATION TO DISMISS HABEAS PETITION

### I. Synopsis

On April 21, 2026, the Court received Petitioner Publio G. M.'s "Petition for Writ of Habeas Corpus." Dkt. No. 1. While Publio G. M. is the one currently detained by Immigration and Customs Enforcement, the Petition was filed by his brother, Jean Jose G. M. Dkt. No. 1 at 3. Jean Jose G. M. seeks Publio G. M's immediate release from custody. *Id*. at 2.

In April of 2026, Court issued an order directing Jean Jose G. M. to show cause why this action should not be dismissed for lack of jurisdiction. Dkt. No. 7. In that same order, the Court informed Publio G. M. that he may proceed on his own behalf, pro se, if he wishes to do so. Dkt. No. 7. Neither Jean Jose G. M. nor Publio G. M. responded to the Court's order.

The Court first considers whether it has jurisdiction to hear this case because it is not clear from the § 2241 Petition whether Jean Jose G. M. satisfies the requirements to represent Publio G. M.

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

## II. Applicable Law

A pro se litigant may proceed in federal court as his own counsel. *See* 28 U.S.C. § 1654. But individuals who do not hold a law license generally may not represent other parties. *See Martin v. City of Alexandria*, 198 F. App'x. 344, 346 (5th Cir. 2006) ("[B]ecause *pro se* means to appear for one's self, a person cannot appear on another person's behalf in the other's cause.") (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1978). Despite filing this § 2241 Petition and proceeding on behalf of Publio G. M., Jean Jose G. M. does not allege or show that he is an attorney licensed to practice law in the State of Texas or any federal court in the United States. Dkt. No. 1.

The federal habeas statutes do provide an exception to the general rule that individuals who do not hold a law license may not represent other parties, known as "next friend" status. 28 U.S.C. § 2242; *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978). However, "next friend" standing is not granted automatically. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Crucially, it may not "be so abused as to unleash on the courts a quasi-professional group of lay writ writers who would seek to right all wrongs, both real and imagined." *Weber*, 570 F.2d at 514.

To proceed and properly establish herself as "next friend" of Publio G. M., Jean Jean Jose G. M. must: (1) explain why Publio G. M. cannot prosecute this case on his own at this time; (2) establish that he is truly dedicated to the best interests of Publio G. M; and (3) demonstrate a significant relationship to Publio G. M. *Whitmore*, 496 U.S. 149 at 163. It is Jean Jose G. M.'s burden to establish "the propriety of [his] status and thereby justify the jurisdiction of the court." *Id.* at 164. If he fails to do so, this Court is without jurisdiction, and the § 2241 Petition must be dismissed. *Id.*; *see also Weber*, F.2d at 514 (explaining that "when the application for habeas corpus filed by a would be "next friend" does not set forth an adequate reason or explanation of the necessity for resort to the "next friend" device, the court is without jurisdiction to consider the petition."); *Romanov v. Frink*, No. H-25-3133, 2025 WL 2162290, at *3 (S.D. Tex. July 30, 2025) (J. Lake).

To succeed on a next friend application, "a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the

real party in interest cannot appear on his own behalf to prosecute the action." *Whitmore*, 496 U. S. 149 at 163. "[T]hat explanation must be supported by relevant proof." *Soto v. Sowell*, No. CV H-25-1362, 2025 WL 2822000, at *3 (S.D. Tex. Oct. 3, 2025).

**III. Analysis**

Neither the purported next friend nor the detainee in this case filed a response to the Court's Show Cause Order. See Dkt. No. 7. Given that the only filing before the Court is the Original Petitioner for Writ of Habeas Corpus (Dkt. No. 1), for the reasons below, the Court finds that Jean Jose G. M. failed to establish himself as "next friend" of Publio G. M.

In the Petition, Jean Jose G. M. includes a "Next Friend Statement." Dkt. No. 1 at 5. In this statement, he states he is the brother of Publio G. M., and he filed the petition as a Next Friend "because the Petitioner is currently detained in ICE custody and unable to access the Court directly." *Id*. While Jean Jose G. M. as the brother of Publio G. M. could possibly demonstrate a significant relationship to Publio G. M., he fails to meet his burden of showing that Publio G. M. cannot prosecute his own case. Even if true that Petitioner is currently detained in ICE custody, this does not necessarily show Publio G. M. cannot prosecute his own case.

Although the Court is sympathetic to Publio G. M.'s challenges, the Court cannot currently conclude that Publio G. M. lacks accessibility to pursue his own claim. For this reason, the Court finds it cannot recommend allowing Jean Jose G. M. to litigate the case on Publio G. M.'s behalf.

**I. Recommendation**

It is RECOMMENDED that the Court DISMISS the instant case for lack of jurisdiction without prejudice to refiling.

**II. Notice to the Parties**

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to this case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation.

The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on September 15, 2026.

Karen Betancourt
United States Magistrate Judge